IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWIN MALPICA GARCIA, | : | |
| Plaintiff | : | |
| v. | : | CIVIL NO. 3:CV-15-2447 |
| A. JORDAN, ET AL., | : | (Judge Brann) |
| Defendants | : | |

**MEMORANDUM**

January 11, 2016

**Background**

Edwin Malpica Garcia, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), filed this pro se civil rights action. Plaintiff has also submitted an in forma pauperis application. For the reasons set forth below, Garcia's action will be dismissed, without prejudice, pursuant to the screening provisions of 28 U.S.C. § 1915.

Named as Defendants are three USP-Lewisburg officials: Disciplinary Hearing Officer (DHO) A. Jordan; Lieutenant Seeba; and SIS Tim Crawford. Plaintiff states that on April 30, 2015, he and three other inmates were directed to provide urine samples to prison authorities. On May 11, 2015, Lieutenant Seeba

1

issued a misconduct to Plaintiff based upon the results of urinalysis testing performed on the samples previously provided by the prisoners.  The disciplinary charge allegedly claimed that Garcia had tested positive for phenobarbital and barbiturates.   After being found guilty of the misconduct, presumably by DHO Jordan, Plaintiff was given sanctions including a 41 day loss of good conduct time. See Doc. 1, ¶ V(2).

Plaintiff's pending action challenges the legality of his misconduct proceedings on the basis that prison officials fabricated the results of his urinalysis testing.  Specifically, Garcia maintains that any urine sample he provided should have tested positive for THC because it is present in a medication which he was prescribed during the relevant time period.   Therefore, since Plaintiff's urine sample was tested for, but had a negative result for THC, the Complaint concludes that the urinalysis results were invalid.  Plaintiff seeks compensatory and punitive damages as well as  injunctive relief primarily restoration of his forfeited good conduct time.

## Discussion

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989);

Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

**Injunctive Relief**

Inmates challenging the duration of their confinement or seeking earlier or speedier release must assert such claims in a properly filed habeas corpus petition. Preiser v. Rodriguez, 411 U.S. 475 (1975), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied 510 U.S. 920 (1993). Federal habeas corpus review is the appropriate remedy when "the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). The Third Circuit Court of Appeals in Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005), reiterated that federal habeas corpus review allows a prisoner "to challenge the 'execution' of his sentence."

Plaintiff clearly acknowledges that the challenged misconduct charge resulted in the forfeiture of 41 days of good conduct time and as such has negatively affected the duration of his ongoing federal sentence. Accordingly, to the extent that Garcia is seeking restoration of his forfeited good conduct time, such a request for

injunctive relief is not properly asserted in a civil rights complaint under the standards announced in Preiser and Leamer.  See generally Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985) (civil rights claims seeking release from confinement sound in habeas corpus).  Likewise, a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action.  Edwards v. Balisok, 520 U.S. 641, 646 (1997).   Garcia's claim for injunctive relief will be dismissed without prejudice to any right Plaintiff may have to pursue such arguments via a federal habeas corpus petition.

**Monetary Damages**

With respect to Garcia's claim for monetary damages, Heck v. Humphrey, 512 U.S. 477 (1994)  recognized that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid", until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Id. at 486-87.  There is no assertion in the Complaint that the USP-Lewisburg disciplinary charge and proceedings which are

4

being challenged in this action have been rendered invalid.

Based on the nature of Garcia's allegations, a finding in his favor would imply the invalidity and/or comprise the USP-Lewisburg disciplinary proceedings at issue herein.  Thus, any request by Plaintiff for monetary damages with respect to the legality of his institutional misconduct charge is premature because Garcia cannot maintain a cause of action for unlawful imprisonment until the basis for that imprisonment is rendered invalid.  See Gibson v. Superintendent, 411 F.3d 427, 449 (3d Cir. 2005); Sanchez v. Gonzalez, No. 05-2552, 2005 WL 2007008 *2 (D.N.J. Aug. 16, 2005).   Any request by Garcia for compensatory damages is premature and must be deferred under Gibson and Sanchez until his underlying disciplinary proceeding is rendered invalid.

Consequently, if Plaintiff is able to successfully challenge his USP-Lewisburg misconduct hearing via either a habeas corpus petition or an administrative appeal, under Heck, he may then reassert a claim for damages in a properly filed civil rights complaint.   An appropriate Order will enter.

                BY THE COURT:

                  s/ Matthew W. Brann
                Matthew W. Brann
                United States District Judge